IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TALANA BROWN,** o/b/o M.A.W., a minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **Civil No.** 15-cv-596-CJP[1] ) ) |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | ) ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is now before the Court on the parties' Joint Stipulation to Remand to the Commissioner. **(Doc. 23).**

The brief submitted contains contradictory language and fails to clearly describe the parties agreed course of action with regard to type of remand requested. First, the brief states that the parties jointly request that the Court enter an order with judgment in favor of plaintiff. This is in line with a Sentence Four remand which is dependent upon a finding of error, and is itself a final, appealable order. **See,** *Melkonyan v. Sullivan,* **501 U.S. 89 (1991);** *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan,* **195 F.3d 975, 978 (7th Cir. 1999**). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala,* **509 U.S. 292, 302-303 (1993)**.

---

[1] This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c).  See, Doc. 16.

Then, the brief states that under a Sentence Six remand the Court should administratively close the file but retain jurisdiction and not issue a judgment. A sentence six remand provides that "[t]he Court may, on motion of the Commissioner made for good cause shown before she files her answer, remand the case to the Commissioner for further action by the Commissioner." *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). A sentence six remand occurs when procedural difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner. The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) intended that such procedural defects be considered "good cause" for remand.

The parties do not provide adequate information to determine which type of remand they are requesting. The contradictory language creates jurisdictional problems for the case should the Court rule on one type of remand versus the other.

Therefore, the parties are directed to clarify their stipulation and refile. As a result, The Joint Stipulation to Remand **(Doc. 23)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 11, 2016.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**