IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TALANA BROWN, On Behalf of M.A.W., a Minor, ) ) ) | |
| Plaintiff, ) ) | Civil No.  15-cv-596-CJP |
| vs. ) ) | |
| CAROLYN W. COLVIN, ) ) | |
| Defendant. ) | |

### ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act.  (Doc. 30).  Defendant has responded that she has no objection.  (Doc. 31).

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  Plaintiff is, therefore, the prevailing party.  See, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Counsel seeks attorney's fees in the amount of $2,487.50, representing 19.9 hours of work at $125.00 per hour.[1]

The Court deems the failure to respond to plaintiff's motion to be an admission of the merits thereof.  SDIL-LR 7.1.  Accordingly, the Court finds that plaintiff is entitled to an award of attorney's fees and costs pursuant to the EAJA, and that the hourly rate and number of hours claimed are reasonable.

Plaintiff's Motion for Attorney's Fees **(Doc. 30)** is hereby **GRANTED**.  The Court awards plaintiff Talana Brown attorney's fees in the amount of **$2,487.50** (two thousand, four hundred and eighty-seven dollars and fifty cents).

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).  However, any part of the award that is not subject to set-off to pay plaintiff's pre-existing debt to the United States shall be made payable to plaintiff's attorney provided that plaintiff has executed an EAJA assignment.

**IT IS SO ORDERED.**

**DATED:   March 4, 2016.**

                                    **s/ Clifford J. Proud**
                                    **CLIFFORD J. PROUD**
                                    **U.S. MAGISTRATE JUDGE**

---

[1] Plaintiff's motion incorrectly calculated the total amount.